UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JERRY L. HUNTER<br>and JOEY Q. PERRYMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>LES HELTON<br>and SABRINA PATTERSON,<br><br>    Defendants. | No. 1:10-cv-00021<br>Judge Campbell |

## O R D E R

The plaintiffs, both prisoners in the Marshall County Jail in Lewisburg, Tennessee,[1] bring this action under 42 U.S.C. § 1983. The plaintiffs have not paid the three-hundred fifty dollar ($350.00) civil filing fee, nor have they submitted individual applications to proceed *in forma pauperis* in lieu thereof.

As an initial matter, the court notes that plaintiff Perryman is subject to the three-strikes provision under 28 U.S.C. § 1915(g).[2] Accordingly, the Clerk is directed to **SEVER** plaintiff Hunter's complaint from plaintiff Perryman's complaint. Rule 21, Fed. R. Civ. P.; *see Owens v.*

---

[1] Court mail sent to plaintiff Hunter on March 25, 2010 was returned to the Court bearing a handwritten notation: "Return, no longer at this address. (Released)" (Docket No. 6). If plaintiff Hunter in fact has been released, the Court has not been made aware of his release.

[2] Cases that were dismissed as frivolous, malicious, or for failure to state a claim prior to the enactment of the PLRA count as strikes under the PLRA. *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Plaintiff Perryman has, on at least four prior occasions, filed a civil action or an appeal that has been dismissed as frivolous. *See Perryman v. Bless*, No. 86-5528, 1987 WL 36958 (6th Cir. April 3, 1987)(affirming the district court's dismissal of Perryman's complaint as frivolous); *Perryman v. Coleman*, No. 1:94-0126 (M.D. Tenn. 1994)(Higgins, J.)(dismissing Perryman's complaint as frivolous); *Perryman v. Staggs*, No. 3:95-0700 (M.D. Tenn. 1995)(Wiseman, J.)(dismissing Perryman's complaint as frivolous). The number of the case upheld on appeal by the Sixth Circuit is no longer available.

*Campbell*, No. 98-6770, 1999 WL 1023690, at **1-2 (6th Cir. Nov. 5, 1999)(affirming the district court's judgment in severing the claims of a prisoner-plaintiff who was subject to the provisions of § 1915(g) from the claims of a prisoner-plaintiff who was not).  The Clerk is further directed to **FILE** a copy of the complaint, the envelope in which the complaint was mailed to the district court, and a copy of this Order under a **DIFFERENT** miscellaneous case number for plaintiff Perryman. Henceforth, the plaintiffs' complaints will be treated as two separate actions.

### Plaintiff Jerry L. Hunter

Plaintiff Hunter has submitted an application to proceed *in forma pauperis.* (Docket No. 2). However, his application to proceed *in forma pauperis* is defective because he has not provided a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the filing of his complaint as required by 28 U.S.C.§ 1915(a)(2). Therefore, the plaintiff shall submit to the Court within thirty (30) days of the date of service of this order either a certified copy of his inmate trust fund account statement for the 6-month period immediately preceding the date that he receives this order, or the full three hundred fifty dollar ($350.00) filing fee.  Plaintiff Hunter is forewarned that, if he does not comply with this order within the time specified, the Court is required to presume that he is not a pauper, assess the full amount of filing fee, and order the case dismissed for want of prosecution. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007).  If the case is dismissed under these circumstances, it will not be reinstated to the Court's active docket despite any subsequent correction of the documentary deficiency or payment of the filing fee. *Id*.

An extension of time to submit the required 6-month statement, or to pay the $350.00 filing fee, may be requested from this Court if a motion for an extension of time is filed within thirty (30)

2

days of the date of entry of this order. *Id.* at 605; *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

### Plaintiff Joey Q. Perryman

The Prison Litigation Reform Act (PLRA) provides the following under § 1915(g) with respect to prisoner-plaintiffs such as plaintiff Perryman:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In other words, a prisoner-plaintiff who falls within the scope of § 1915(g), while not precluded from filing a lawsuit in federal court, may not do so at taxpayer expense unless he is under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 603-04 (6th Cir. 1998), *cert. denied*, 525 U.S. 1139 (1999). Section 1915(g) does not provide an independent basis for dismissing an action brought by an inmate; rather, it authorizes the denial or revocation of a prisoner's pauper status. *Sweatt v. Campbell*, No. 99-6146, 2000 WL 658070, *1 (6th Cir. May 9, 2000). Of plaintiff Perryman's many conditions-of-confinement claims, only one **potentially** falls within the ambit of § 1915(g).

In Count Six of his Complaint, Plaintiff Perryman asserts that the Marshall County Jail employs four inmates to prepare the food at the jail, and these inmates "are not required [to undergo] a physical or made to shower each morning before handling inmates [sic] food." (Docket No. 1, ¶ 30, p.8). As a result, plaintiff Perryman alleges that "any of these said food handlers could have x-amount of infectious diseases." (Docket No. 1, ¶ 31, p.9). According to plaintiff Perryman, he put

3

staff members at the Marshall County Jail "on formal notice of this claim, all to no avail." (Docket No. 1, ¶ 33, p.9). Plaintiff Perryman contends that, as a result, the plaintiffs' lives are "in grave danger[,]" presumably due to the possibility that they will contact an infectious disease from an inmate food handler. (Docket No. 1, ¶ 32, p.9).

The Eighth Amendment is implicated when a prison official is deliberately indifferent to a living condition which poses a substantial risk of serious harm to an inmate. *See Estelle v. Gamble*, 429 U.S. 97 (1976); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An Eighth Amendment claim has both an objective and subjective component. *Farmer*, 511 U.S. at 834. The objective component requires the plaintiff to show a "sufficiently serious" deprivation. *Id.* According to the United States Supreme Court, determining whether a condition of confinement meets the objective factor of the Eighth Amendment test

> requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate.

*Hall v. Jarrigan*, No. 2:07-CV-127, 2008 WL 5377893, at *5 (E.D. Tenn. Dec. 18, 2008)(quoting *Helling v. McKinney*, 509 U.S. 25, 26 (1993)).

Here, plaintiff Perryman alleges that, because the inmate food handlers are not required to undergo a physical prior to their assignment to kitchen detail and/or to take showers every day prior to handling food and serving food to inmates, he is in grave danger of being exposed to any number of infectious diseases. As the Seventh Circuit has noted, "[m]any Americans live under conditions of exposure to various contaminants. The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial

4

numbers of free Americans." *Id.* (citing *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001)).

The Court finds that, absent additional allegations not set forth by the plaintiffs herein, the failure to require inmate food handlers to shower every day or to undergo a physical examination prior to their assignment to kitchen detail does not violate contemporary standards of decency by exposing the plaintiffs to risks that society is unwilling to tolerate. Notably, plaintiff Perryman has not alleged that any of the four inmate food handlers at the Marshall County Jail mentioned in his Complaint are – in fact – infected with communicable diseases or infections which pose a risk of harm to inmates who consume the food and drinks. Neither has plaintiff Perryman alleged that he has suffered a physical injury as a result of the alleged unsanitary procedures employed by the kitchen staff. *See Catanzaro v. Mich. Dep't of Corrs.,* No. 08-11173, 2009 WL 2154921, at *4 (E.D. Mich. July 14, 2009)*(*"while the plaintiffs make generalized claims about unsanitary prison kitchen conditions, and assert that these conditions are likely to cause the spread of communicable diseases, they do not themselves establish that, as a result of allegedly unconstitutional prison conditions, they have been injured."); *Hall,* 2008 WL 5377893, at *5 (allegation that the prisoner who serves drinks is denied sanitary gloves fails to state a constitutional claim "absent some indication that the food or drink itself is unsanitary or that the server has a medical condition which poses a risk of harm to inmates who consume the food and drinks"); *Carmony v. County of Sacramento*, 2008 WL 435343, at *11 (E.D. Cal. Feb.14, 2008); *Jackson v. St. Clair County Jail*, 2005 WL 1827873, *4 (S.D. Ill. Aug. 2, 2005) (allegation that inmate food servers do not wear gloves while handling food, absent an indication of physical injury, fails to state a constitutional claim); *Tapia v. Sheahan*, 1998 WL 919709, at *5 (N.D. Ill. Dec. 30, 1998) (contention that food servers fail to wear gloves or hairnets fails to state a claim). In short, plaintiff Perryman has failed to establish

5

that he is "under imminent danger of serious physical injury" because of the conditions of confinement about which he complains. Accordingly, had plaintiff Perryman submitted an application to proceed *in forma pauperis* in this matter, his application would have been denied under § 1915(g). To require him to do so now would be superfluous.

In *In re Alea*, 286 F.3d 378 (6th Cir. 2002), the Sixth Circuit stated the following with respect to inmates with three strikes under § 1915(g):

> A prisoner who has filed prior civil actions should be aware of the disposition of those actions and the possible application of § 1915(g) to any new actions he wishes to pursue. By choosing to file a new action, he invokes the jurisdiction of the federal court and avails himself of the process afforded by that court. Even if the end result is an order of summary dismissal under § 1915(g), the action will require a considerable amount of time and effort on the part of the district court and the court staff. The requirement that the full fees be paid for these actions – whatever their merit or disposition – will provide a prisoner with the incentive to consider carefully whether or not to submit a new action to the district court. Not to require the payment of the full fee would permit a prisoner subject to the three-strikes rule to continue to file frivolous civil complaints – thus taking much valuable time away from other non-frivolous litigation – without any consequence beyond their mere dismissal under § 1915(g). The intent of the PLRA was to deter such litigation and it would be anomalous for a provision of that Act to provide a means for the repeated filing of frivolous actions without financial consequences to the prisoner litigant.

*Id*. at p. 382. With respect to the foregoing, the Sixth Circuit stated that, "[a]lthough the requirement that a prisoner litigant may be liable for the payment of the full filing fee despite the dismissal of his

6

action may be burdensome, it is not unfair."[3]  *Id.*

Plaintiff Perryman has thirty (30) days from the date of entry of this order to remit the full three hundred fifty dollar ($350.00) filing fee.  Plaintiff Perryman is forewarned that, failure to remit the full $350.00 filing fee will result in this action being dismissed, and the full amount of the filing fee being assessed against him.  *Id.*  An extension of time to pay the filing fee may be requested from this court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this Order.  *Floyd*, 105 F.3d at 279.

It is so **ORDERED.**

_____
Todd J. Campbell
United States District Judge

---

[3]The Court notes that plaintiff Perryman previously has attempted to evade the provisions of § 1915(g) by filing as a co-plaintiff with other inmates who were not subject to § 1915(g), only to have his complaint severed from his co-plaintiffs' complaints for the same reasons set forth herein.  *See Daniel R. Stewart and Joey Q. Perryman v. Les Helton, et al.*,  No. 1:08-mc-00010 (M.D. Tenn. 2008)(Trauger, J.); *Reginal Nevils, et al. v. Eddie Bass, et al.,* No. 1:03-00093 (M.D. Tenn. 2004)(Higgins, J).