IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY LEE HUNTER, | ) |
| Plaintiff, | ) |
| | ) No. 1:10-CV-00021 |
| v. | ) |
| | ) Judge Sharp/Bryant |
| LES HELTON and | ) |
| SABRINA PATTERSON, | ) |
| Defendants. | ) |

TO: The Honorable Kevin H. Sharp

## REPORT AND RECOMMENDATION

Defendants Les Helton and Sabrina Patterson have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process (Docket Entry No. 44). *Pro se* Plaintiff Jerry Lee Hunter has yet to file a response. This matter has been referred to the undersigned Magistrate Judge for a report and recommendation (Docket Entry No. 21).

For the reasons stated below, the undersigned Magistrate Judge recommends that the motion to dismiss for Defendants Helton and Patterson be **DENIED**.

## STATEMENT OF THE CASE

Plaintiff Jerry Lee Hunter, proceeding *pro se*, brought this 42 U.S.C. § 1983 action against Defendant Helton, who is the sheriff of Marshall County, Tennessee, and Defendant Patterson, who is the administrator of the Marshall County Jail in Lewisburg, Tennessee. (Docket Entry No. 1, Compl. at 1-2). Plaintiff is an inmate at the Marshall

1

Country Jail and is proceeding *in forma pauperis*. (See Docket Entry 20). Plaintiff's complaint alleges several violations of his constitutional rights under the First, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution stemming from deplorable conditions at the jail. (See Compl.). It should be noted that the Court dismissed some but not all of these claims. (Docket Entry No. 20). Plaintiff brings this suit against Defendants in both their individual and official capacities. (Compl. at 2).

In response, on March 1, 2011, Defendants filed their Motion to Dismiss with the Court. (Docket Entry No. 44). Defendants Helton and Patterson move the Court to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. (Mot. Dismiss). Specifically, Defendants argue that Plaintiff failed to properly serve them in either their official or individual capacities pursuant to Federal Rule of Civil Procedure 4, which governs summonses and service of process. (See Docket Entry No. 45, Defs. Mem. Supp. Mot.).

LEGAL DISCUSSION

This case presents a unique situation in that a fellow Magistrate Judge in this District recently considered this exact issue in another § 1983 case involving Defendant Helton. Stevenson v. Helton, No. 1:10-00043, 2011 WL 3422776 (M.D. Tenn. Aug. 4, 2011). In discussing service of process in *in forma pauperis*, *pro se* prisoner cases, Magistrate Judge Knowles stated the following:

> The rules governing the proper service of process in federal courts can be quite complex. [docket citation omitted]. One principle, however, is clear. In cases filed in forma pauperis, the responsibility for serving summonses rests upon the United States Marshal. Title 28, Section 1915(d) states in part, "The officers of the court shall issue and serve all process, and perform all duties in such [in forma pauperis] cases." Additionally, Fed.R.Civ.P. 4(c)(3) provides:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 ....
>
> As the Sixth Circuit has stated:
>
> Together, Rule 4(c) [ (3) ] and 28 U.S.C. § 1915[ (d) ] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, *thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.* Byrd v. Stone, 94 F.3d 217, 219 (6th Cir.1996) (emphasis added, citation omitted).

Id. at *1.

The undersigned Magistrate Judge finds this reasoning persuasive. In this case, the record reflects that both Defendants were reasonably identified for the Court, that the U.S. Marshals Service served summonses on both defendants via certified mail, and that returns were later filed showing both summonses had been served. (Docket Entry. Nos. 26, 32). Summons for Defendant Patterson was executed at the Marshall County Jail where she is the administrator. (Docket Entry No. 26). Although the first attempt to serve Defendant Helton was returned unexecuted (Docket Entry No. 27), it is clear that the Marshals Service understood the identity and position of Defendant Helton. In his Order dated August 4, 2010 (Docket Entry No. 28), Chief Judge Campbell specifically identifies Defendant Helton as the Sheriff of Marshall County and directs the Marshals Service to reissue process to Defendant (Order at 1-2).

In short, Plaintiff, proceeding *in forma pauperis*, met his burden in identifying the Defendants to be served; at that point, responsibility for service of process rests with the

Marshals. If Defendants were not properly served, Plaintiff cannot be held responsible. Therefore, the Court should deny the Defendants' motion to dismiss.

Defendants have the option to waive the defense of insufficiency of service of process. Fed. R. Civ. P. 12(h). Alternatively, despite the recommended denial of their motion to dismiss, Defendants may, if they so choose, demand proper service. It is therefore recommended that the Court allow twenty (20) days for Defendants to advise the Court whether they will waive service of process. If they choose not to waive service, Defendants shall advise the Court in a filing where and when they desire to be served, so that the Court may direct the Marshals Service to serve Defendants in said manner. See also Allen v. Siddiqui, No. 3:07CV-P261-H, 2008 WL 2217363 at *2 (W.D. Ky. May 27, 2008).

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that the motion to dismiss by Defendants Helton and Patterson be **DENIED**. Further, the undersigned Magistrate Judge recommends that Defendants be given twenty (20) days to either file a notice of waiver of the defense of insufficient service of process, or to otherwise advise the Court on where and when they should be properly served.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a

waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 11th day of August, 2011.

                                                                            s/ John S. Bryant
                                                                            JOHN S. BRYANT
                                                                            United States Magistrate Judge